# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1035-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

J.C.,[1]

    Defendant-Appellant.

_____

Submitted January 27, 2026 – Decided April 27, 2026

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Accusation Nos. 19-03-0183 and 19-03-0184.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Kimberly P. Will, Assistant Prosecutor, of counsel and on the brief).

---

[1] We use initials to protect the confidentiality of the victims. R. 1:38-3(c)(9), (12).

PER CURIAM

On November 2, 2018, D.D., defendant's eleven-year-old nephew, accused defendant of sexually abusing him for over a year. Defendant was arrested and at the police station he volunteered "[f]irst of all nothing physical happened," even though no allegation of physical contact had been mentioned to him. Defendant admitted he showed D.D. how to access pornographic websites because he wanted to see pornography at D.D.'s age.

About six weeks later, K.S., defendant's eight-year-old niece, and M.M., defendant's thirteen-year-old niece, accused defendant of sexually abusing them. After obtaining a warrant, the police found several pictures on defendant's phone of K.S. performing oral sex on defendant. Defendant was later charged in accusations regarding his conduct toward D.D. and K.S.[2]

As to defendant's conduct towards D.D., he was accused of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1); third-degree endangering. N.J.S.A. 2C:24-4(a)(1); and second-degree sexual assault, N.J.S.A. 2C:14-2(b). Regarding defendant's conduct towards K.S., he was accused of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(l); second-degree sexual assault,

---

[2] There is no indication in the record whether M.M.'s allegations resulted in any criminal charges.

A-1035-24

N.J.S.A. 2C:14-2(b); fourth-degree lewdness, N.J.S.A. 2C:14-4(b)(l); second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(4); and third-degree endangering the welfare of a child, N.J.S.A, 2C:24-4(a)(1). The trial court issued two consent orders on January 15 and February 15, 2019, granting thirty days of excludable time for speedy trial under the Criminal Justice Reform Act, N.J.S.A. 2A:162-15 to -26, to allow the parties to negotiate a plea.

On March 1, defendant waived his right to a grand jury presentment and pled guilty to two counts of first-degree aggravated sexual assault in exchange for the State's recommendation for concurrent sentences of fifteen years without the possibility of parole. He admitted that K.S. performed oral sex on him and that he had sexual contact with D.D., including sexual penetration.

Defendant's subsequent Adult Diagnostic and Treatment Center in Avenel (Avenel) evaluation concluded that he was eligible for sentencing under Megan's Law, N.J.S.A. 2C:7-1 to -23, noting defendant's admission to various instances of sexually abusing D.D. and K.S. and determining defendant's abuse actions were repetitive—"[thirty] different times"—and compulsive. The parties stipulated to the Avenel findings.

On May 17, the trial court determined the aggravating factors significantly outweighed the mitigating factors, and, consistent with the plea agreement,

sentenced defendant to two concurrent fifteen-year prison terms under the Jessica Lunsford Act, N.J.S.A. 2C: 14-2, and subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. The court also noted that due to his Avenel evaluation, defendant may be transferred to Avenel five years before the end of his sentence under N.J.S.A. 2C:47-3.

Defendant did not file a direct appeal but filed a timely post-conviction relief (PCR) petition on October 16, 2023. He alleged trial counsel was ineffective because counsel provided him with discovery only moments before he pled guilty, failed to have the victims and their families investigated, and, given the victims' ages, failed to develop a trial defense strategy by meeting with him and retaining an expert in child sex abuse to evaluate the victims. As to retaining an expert, PCR counsel acknowledged that the issue was now moot given that "[D.D. and K.S.] are no longer children" and any expert testimony would not be as reliable.

After hearing the parties' argument, PCR Judge Demetrica Todd applying the two-prong test under Strickland v. Washington, 466 U.S. 668, 687 (1984), and State v. Fritz, 105 N.J. 42, 58 (1987), issued an order and twelve-page written decision denying defendant's claims without an evidentiary hearing. The judge determined defendant failed to demonstrate that his trial counsel's

A-1035-24

performance fell below an objective standard of reasonableness under the first Strickland prong. The judge found that an investigation would not have strengthened defendant's defense, noting his admission to showing pornographic images to D.D. and the pornographic images of K.S. on his cell phone. Citing our high Court's decision in State v. R.W., 104 N.J. 14, 23 (1986), the judge emphasized that a court order would have been required to subject the victims to a child abuse expert evaluation but found "there is no evidence that the [victims] suffered from any type of abnormality that would have led to such [relief] being granted." The judge further stressed that trial counsel's negotiation of two excludable time orders with the State demonstrated that he "did not neglect the case."

Judge Todd also determined that even if trial counsel was ineffective, defendant failed to show that he suffered prejudice under the second Strickland prong. The judge maintained that defendant's admissions and his cell phone photo of K.S. belied anything his trial counsel could have done to cast reasonable doubt on the accusations against defendant. The judge noted that defendant's relatively lenient sentence of two concurrent fifteen years instead of the maximum term of fifty years undermined his claims that counsel prejudiced his defense. In sum, because defendant failed to establish a prima facie case of

A-1035-24

ineffectiveness of counsel, the judge held that an evidentiary hearing was not warranted.

Defendant appeals, arguing in a single point:

> COUNSEL'S FAILURE TO INVESTIGATE THE FACTS OF THIS CASE, MOST PARTICULARLY THE ABILITY OF THE VICTIMS TO KNOW THE DIFFERENCE BETWEEN THE TRUTH AND A LIE, WAS INEFFECTIVE ASSISTANCE OF COUNSEL, DENYING DEFENDANT THE RIGHT TO COUNSEL.

We find insufficient merit in defendant's arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(2), and we affirm the order under review substantially for the cogent reasons set forth in Judge Todd's written opinion. We add the following comment regarding a new argument defendant has posed.

Defendant, for the first time on appeal, argues in a footnote that his statements to the police "were never subjected to a [Miranda v. Arizona, 384 U.S. 436 (1966),] hearing" and are contradicted by his PCR certification that he "was not guilty of the charges." We do not consider the argument because it was not properly presented to the PCR court and does not "go to the jurisdiction of the . . . court or concern matters of great public interest." State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234

A-1035-24

(1973)). Moreover, for the sake of completeness, we conclude that defendant fails to articulate a legal argument showing that his statements to the police were involuntary and should be disregarded by this court. By not showing a motion to suppress his statement would have been successful, defendant has failed to establish that his trial counsel was ineffective for not making such motion. See State v. Balbosa, 481 N.J. Super 497, 520 (App. Div. 2025) (citing State v. O'Neal, 190 N.J. 601, 619 (2007)) ("[W]hen a defendant asserts their attorney was ineffective by failing to file a specific motion, they must establish that the motion would have been successful.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division